IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| RONROYAL J. OWENS, PRO SE, <br> TDCJ-CID #851492, <br><br> Plaintiff, <br><br> v. <br><br> JAMIE L. BAKER, Warden, <br> GERALD WAYNE WHITFIELD, JR., <br> Law Library Supervisor, and <br> JILL MEYER, Correctional Officer, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> §   2:14-CV-0067 <br> § <br> § <br> § <br> § <br> § <br> § |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff RONROYAL J. OWENS, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants. Plaintiff has paid the filing fee and is not proceeding in forma pauperis

Plaintiff complains that, on March 26, 2012, defendant WHITFIELD confiscated seven bags (a stack of papers 70 inches thick) of his legal property and the additional storage containers for that legal property which plaintiff had been authorized to possess since 2007. The asserted basis for that confiscation was that plaintiff's criminal cases were inactive. Therefore, plaintiff's papers relating to those cases were no longer classified as legal papers and were improperly stored in legal storage containers. Also, the reason to authorize retention of a large amount of paper requiring extra storage containers no longer existed. Plaintiff contended his cases were

actually still active, but, despite his assertions, he was allowed to retain only a small stack of his legal property related to a case he was pursuing in probate court.

Plaintiff contends he was also litigating matters having to do with his criminal convictions at that time and he had requested four state habeas applications from the law library on March 23, 2012 in order to assert various Sixth Amendment claims in state court. Plaintiff alleges that included in the confiscated legal material were the documents he was going to use as evidentiary support for his habeas application(s) as well as documentary evidence for use in his probate case and some legal books relating to probate law.

Plaintiff claims he has suffered a violation of his First Amendment Access to Courts rights and his Fourteenth and Fifth Amendment Due Process rights.

Plaintiff requests declaratory judgment; injunctive relief from the Court ordering defendants BAKER and MEYER to grant plaintiff immediate access to his legal property and ordering defendant WHITFIELD to issue plaintiff appropriate storage containers for his legal property, further injunctive relief in the form of an order reopening plaintiff's will contest in Denton County Probate Court; an award of compensatory damages jointly and severally against the defendants for the denial of Due Process in connection with the denial of access to the probate court and the loss of his inheritance rights; and an award of punitive damages against the defendants.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of

process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The United States District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

**DECLARATORY RELIEF**

Declaratory Judgment is authorized by the Federal Declaratory Judgment Act which states, in relevant part, "in a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." 28 U.S.C. § 2201(a). Further, "the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." FED. R. CIV. PRO. 57.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

A proper purpose of section 2201(a) is to allow potential defendants to resolve a dispute without waiting to be sued or until the statute of limitations expires. *Texas Employers' Ins. Assoc. v. Jackson,* 862 F.2d 491, 505 (5th Cir.1988). It is, by its nature, a defensive action, "allowing prospective defendants to sue to establish their nonliability." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 5904, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959). Plaintiff JACKSON is not seeking to avoid damages that might accrue due to a delayed assertion of a claim by others; nor is he asking to be relieved of the threat of suit by asserting a valid defense. Instead, plaintiff, in an offensive stance, is asking the Court to declare the defendants are liable for alleged past wrongful conduct. Plaintiff has not shown how the Declaratory Judgment Act properly applies and, with respect to this particular form of relief, has failed to state a claim on which relief can be granted.

**ORDER REOPENING WILL CONTEST IN THE DENTON COUNTY PROBATE COURT**

This requested relief is in the nature of a mandamus which would necessarily be directed to the Denton County Probate Court. Although the writ of mandamus was abolished by Federal Rule of Civil Procedure 81(b), federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. 28 U.S.C. § 1651. Actions in the nature of mandamus are provided for in 28 U.S.C. § 1361, which states as follows:

> The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.

The federal district courts do not have jurisdiction to issue the writ against a state actor or agency. *See generally Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275 (5th

Cir.1973). "[L]itigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts case in the form of civil rights suits." *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986). Federal courts have no power to direct state judicial officials in the performance of their functions. *See Moye v. Clerk, Dekalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

This request for relief fails to state a claim on which relief can be granted.

**ACCESS TO COURTS CLAIM**

An inmate alleging denial of access to the courts must demonstrate an actual injury stemming from the defendants' unconstitutional conduct. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

Plaintiff alleges he has been prevented from preparing and filing two new state petitions for writs of habeas corpus which would assert various claims he has listed. The Court takes judicial notice of the records of the United States District Court for the Northern District of Texas, Dallas Division, in cause nos. 3-03-CV-1333-D (consolidated with 3:03-CV-1334-D), both filed by plaintiff OWENS pursuant to 28 U.S.C. § 2254.

Review of the Findings, Conclusions and Recommendation of the U.S. Magistrate Judge in that case reveals that, on November 13, 1998, plaintiff pled guilty without an agreed recommendation from the State to charges of indecency with a child younger than seventeen (cause no. F-9801040-T) and attempted aggravated sexual assault of a child under fourteen (cause no. F-9867384-MT). The court imposed concurrent 20 year penitentiary sentences. On

December 27, 1998, the court corrected its oversight in failing to formally pronounce plaintiff's guilt in each case. Plaintiff appealed his convictions and on June 5, 2000, the Court of Appeals for the Fifth District affirmed his convictions. Plaintiff did not file a petition for discretionary review.

On September 21, 2001, plaintiff filed two separate, but identical applications for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, collaterally attacking each conviction. On May 14, 2003, the Texas Court of Criminal Appeals denied each application without written order on the findings of the trial court without a hearing. On June 10, 2003, plaintiff filed two § 2254 petitions, no. 3-03-CV-1333-D, attacking his conviction in cause no. F-98-67384-MT, and no. 3:03-CV-1334-D (later consolidated with no. 3:03-CV-1333-D), attacking his conviction in No. F-98-01040-T. After giving plaintiff notice and the opportunity to respond, the United States District Court for the Northern District of Texas, Dallas Division, dismissed the plaintiff's petition on the basis that it was barred by the one year statute of limitations.

Review of plaintiff's 2254 petitions for writ of habeas corpus filed in 3:03-CV-1334-D (consolidated with no. 3:03-CV-1333-D) reveals he claimed to have exhausted state court remedies with respect to the following grounds:

(1) involuntary guilty pleas due to ineffectiveness of counsel and improper judicial involvement;

(2) ineffective assistance of counsel due to obstruction of justice;

(3) ineffective assistance of counsel due to abandonment;

(4) ineffective assistance of counsel due to conflicting interest;

(5)     ineffective assistance of appointed counsel;

(6)     deliberate concealment, removal and omission of court records from the transcript by the District Clerk with the intent of misleading the reviewing court and defrauding and depriving applicant of his rights as guaranteed by the Fourteenth Amendment;

(7)     Court Reporter intentionally failed to record proceeding ultimately depriving applicant of his Fourteenth Amendment rights as guaranteed by law; and

(8)     constructive and actual denial of counsel in violation of the Sixth and Fourteenth Amendments and the Due Process of Law.

The grounds plaintiff alleges he was prevented from presenting in his proposed 2012 state petitions for writs of habeas corpus are as follows:

a.)     The trial court denied Owens counsel when it convicted and sentenced him without the presence of his retained lawyer and without appointing him counsel;

b.)     The trial court denied Owens counsel when it deprived him of the opportunity to consult with the "stand in" public defender before it convicted and sentenced him to prison;

c.)     Owens' retained lawyer rendered no assistance when she failed to appear at his conviction and sentencing;

d.)     The trial court denied Owens his right to counsel-of-choice when his paid counsel was absent from his conviction and sentencing;

e.)     The trial court failed to inform Owens of his need for representation for the December 2nd hearing in violation of his right to counsel;

f.)     The public defender rendered ineffective assistance by not requesting 10 days to prepare for trial;

g.)     The public defender was ineffective for not conferring with Owens before the trial court convicted and sentenced him to prison;

h.)     Appellate counsel was ineffective for not raising the fundamental error that the trial court denied Owens representation when his retained counsel

was absent from his conviction and sentencing and it did not appoint him counsel;

I.) Appellate counsel was ineffective when he did not raise the fundamental claim that the trial court denied Owens representation when it failed to allow him to confer with the "stand-in" public defender before convicting and sentencing him to prison;

j.) Appellate counsel was ineffective for not raising the constitutional error that the trial court denied Owens counsel when it did not give the "stand-in" public defender ten days to prepare for trial; and

k.) Appellate counsel was ineffective for not raising the claim that the trial court denied Owens representation when it never appointed the public defender to represent him at his conviction and sentencing.

Comparison of the grounds plaintiff states he would have presented in his 2012 petitions with those he presented in his September 21, 2001, applications shows his claims of ineffective assistance of trial counsel have already been rejected by the state court. Further, consideration of the remaining claims to be presented would now be barred, and the writs asserting them would be considered abusive. Texas Code of Criminal Procedure Article 11.07, Section 4(a) provides that a Texas court may not consider the merits or grant relief on a subsequent application for writ of habeas corpus filed after final disposition of an initial application challenging the same conviction, unless the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable when the earlier application was filed. Nothing in plaintiff's allegations demonstrates any of his new grounds would escape the Section 4(a) bar. Therefore, plaintiff has not shown a denial of access to courts with respect to his thwarted attempt to file new state petitions for writs of habeas corpus.

Plaintiff also points to the March 29, 2012 denial of his March 26, 2012 motion for rehearing in connection with his criminal convictions (plaintiff's Exhibit E to his original complaint) by the Court of Appeals for the Fifth District of Texas at Dallas to show he suffered prejudice in connection with that case. Plaintiff has not alleged any facts showing the confiscation of his property three days after filing his motion for rehearing caused the denial of that motion or prevented him from appealing that denial.

The last matter on which plaintiff claims to have suffered a violation of his access to courts rights is with respect to his probate case. The precise constitutional right involved in the constitutional guarantee of access to the courts is the right of adequate, effective and meaningful access to the courts, *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 1498, 52 L.Ed.2d 72 (1977); however, this right is not unlimited, but encompasses only a prisoner's reasonably adequate opportunity to file nonfrivolous legal claims challenging his conviction(s) or his conditions of confinement, *Johnson v. Rodriguez*, 110 F.3d 299, 310-311 (5th Cir. 1997)(citing *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2182, 135 L.Ed.2d 606 (1996). Plaintiff's claim that he suffered a denial of access to courts in connection with his action in probate court lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff has failed to allege facts to show the requisite actual injury to support an access to courts claim.

**DUE PROCESS**

Plaintiff has invoked both the Fifth Amendment and the Fourteenth Amendments as the sources of Due Process rights he claims were violated. Plaintiff cannot sue the defendant prison officials under the Fifth Amendment and section 1983 because the Fifth Amendment's due process clause applies only to violations of constitutional rights by the United States or a federal actor, and not to actions of a municipal government or its employees acting under color of state law. *Jones v. City of Jackson,* 203 F.3d 875, 880 (5th Cir.2000); *Morin v. Caire,* 77 F.3d 116, 120 (5th Cir.1996). Plaintiff must look to the Fourteenth Amendment for any Due Process rights in connection with this acts alleged in case.

The Fourteenth Amendment to the United States Constitution prohibits states from depriving "any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.

Plaintiff's allegations present a case where the confiscation occurred under authority of a routine prison administrative directive. His claim falls outside the scope of the *Parratt/Hudson*[3] doctrine, and, therefore, a section 1983 procedural due process claim is not precluded by the existence of an adequate state post-deprivation remedy. *Zinermon v. Burch,* 494 U.S. 113, 115, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990)(citing *Parratt v. Taylor,* 451 U.S. 527, 535-55, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981; *see, also, Allen v. Thomas,* 388 F.4fd 147, 149 (5th Cir. 2004). Nevertheless, to the extent plaintiff argues the confiscation of his property violated prison

---

[3]Under the *Parratt/Hudson* doctrine, the deprivation of a prisoner's property by a state employee's random, unauthorized act will not support a section 1983 procedural due process claim if the State provides an adequate post-deprivation remedy. *Zinermon v. Burch,* 494 U.S. 113, 115, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990) (citing *Parratt v. Taylor,* 451 U.S. 527, 535-55, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(negligent conduct does not result in a due process violation if an adequate state post-deprivation remedy exists) and *Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984)(unauthorized intentional confiscation and destruction of legal property)).

regulations, such an unauthorized confiscation of his property would remove his case from the scope of *Zinermon*, leaving him with adequate post-deprivation remedies in Texas courts under the tort claim of conversion. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). Under that circumstance, plaintiff's claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Where the confiscation is conducted under the authorization of prison regulations, due process requires that an inmate receive notice of the basis for the confiscation of the subject property and a fair opportunity to rebut the assertions of improper storage and material on inactive cases. *See Wilkinson v. Austin*, 545 U.S. 209, 225-26, 125 S.Ct. 2384, 162 L.Ed.2d 175 (2005).

Plaintiff's specific allegations are that he was ordered to bring his legal property to the law library for a periodic review. Plaintiff says he placed everything on the tables by cause number and then he and WHITFIELD, the unit law librarian and access to courts supervisor, went to plaintiff's cell where WHITFIELD inspected plaintiff's locker in his cubicle. WHITFIELD then instructed plaintiff to remain in his cell. When count cleared, plaintiff was given a pass to meet with Lieutenant Wilson and defendant WHITFIELD. Plaintiff says WHITFIELD had reviewed plaintiff's property in plaintiff's absence and has confiscated most of it on the basis that it was part of plaintiff's inactive criminal cases. Plaintiff says he tried to show defendant WHITFIELD that his criminal cases were still active and that mixed in with the confiscated material was plaintiff's exhibits, evidence, and law books necessary for his upcoming hearing in probate court. Plaintiff was told matters dealing with his probate case should not have

been mixed up with his criminal case material and his books[4] should not have been mixed up with his legal material. He was allowed to take three large folders of his material and ordered to return to his cell. Plaintiff filed a Step 1 grievance on the matter and appealed the denial of that grievance by submitting a Step 2 grievance which was also denied. Plaintiff says his confiscated property was sent to the property room and he was given notice that he had sixty days in which to inform prison officials where he wanted the property sent, to have someone pick up the property, or to suffer its destruction. Plaintiff says the property has not been destroyed because he informed defendant MEYER, the property officer charged with mailing away or disposing of the contested property, that he was going to file a lawsuit about its confiscation.

When a new warden, defendant Warden BAKER, was appointed to the Neal Unit, plaintiff asked Warden BAKER to review the matter. Plaintiff received two interviews with defendant BAKER. In the first interview, plaintiff explained his disagreement with the confiscation of his property. In the second interview, BAKER met with plaintiff and WHITFIELD to review the confiscation. Plaintiff argues, at paragraph 152 page 24 of his original complaint, that defendant WHITFIELD showed defendant Warden BAKER a "verify-E Form" demonstrating that on March 23, 2012, WHITFIELD had called the Dallas Court of Appeals and spoken to a receptionist who told him plaintiff's cases were inactive and had been closed February 16, 2012. Plaintiff argues his understanding is that a case is not inactive until two years after the date of the incident or the last court's ruling, but plaintiff does not say he presented this to BAKER and WHITFIELD. Plaintiff alleges defendant BAKER subsequently

---

[4]Books, even legal books, are considered personal property, not legal property, under TDCJ rules. Personal property must be stored separately from legal property.

decided that defendant WHITFIELD was correct in confiscating plaintiff's legal material and did not order its return. See plaintiff's original complaint at pages 21-24.

Plaintiff's allegations set forth above show plaintiff had sufficient notice of the basis for the confiscation of the subject property and a fair opportunity to rebut the assertions of improper storage and material on inactive cases. *See Wilkinson v. Austin*, 545 U.S. 209, 225-26, 125 S.Ct. 2384, 162 L.Ed.2d 175 (2005). Defendant WHITFIELD told plaintiff of the reasons for the confiscation at the time it occurred. Plaintiff received two interviews with Warden BAKER in which he was allowed to set forth his position. Plaintiff was also able to utilize both steps of the grievance system to further challenge the confiscation. It is clear plaintiff received the procedural due process required under these circumstances.

Plaintiff's due process claim lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Lastly, to the extent plaintiff is attempting to assert a separate claim that one or all of the defendants did not properly adhere to prison regulations, the narrowing of due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right in the enforcement of prison regulations, per se. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433

(1979). Any claim of this nature, lacks an arguable basis in law and is frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915(e)(2),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff RONROYAL J. OWENS is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____18th_____ day of June, 2014.

MARY LOU ROBINSON
United States District Judge